DocuSign Envelope ID: D31E14D7-E74B-427C-996A-4C35307D3FFC

## PERSONAL GUARANTY

This Personal Guaranty ("Guaranty" or "Agreement") is made and entered into as of *February 29, 2016* by and among **Maaco Franchisor SPV LLC**, a Delaware limited liability company with its principal offices located at 440 South Church Street, Suite 700, Charlotte, North Carolina 28202 ("MAACO"), **Jorge Cereijo**, a resident and citizen of the State of Texas and **Andres Burzaco**, a resident and citizen of Mexico (collectively "Guarantor") and **Cipercen LLC**, a(n) Texas limited liability company ("Franchisee").

## BACKGROUND

A. On *February 29, 2016*, Guarantor, Franchisee and MAACO entered into a MAACO Franchise Agreement (the "Franchise Agreement") for the operation of a Maaco Collision Repair & Auto Painting Center identified as Center No. *M2749*, located at 2235 Michigan Avenue, Arlington, Texas 76013 (the "Center").

B. Pursuant to the terms of the Franchise Agreement, Guarantor shall jointly and severally guaranty all of Franchisee's obligations under the Franchise Agreement pursuant to the terms of this Guaranty.

C. As a condition of and as an inducement to enter into the Franchise Agreement, Guarantor hereby agrees to unconditionally guaranty the performance of Franchisee in accordance with the terms and conditions of this Agreement.

## AGREEMENT

With the foregoing background incorporated by reference and in consideration of the mutual covenants contained in this Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, and intending to be legally bound, the parties agree as follows:

1. Guarantor confirms and acknowledges that it has reviewed the Franchise Agreement and understands and is familiar with all of the terms and conditions contained in the Franchise Agreement.

2. Guarantor agrees to be jointly and severally bound by all of the terms and conditions of the Franchise Agreement. Guarantor further agrees to guaranty and act as surety for the performance of all of Franchisee's obligations, commitments, duties and liabilities under the Franchise Agreement. Without limiting the foregoing, Guarantor, severally, irrevocably and unconditionally guarantees to MAACO: (i) that Franchisee will pay all amounts to be paid and otherwise comply with all provisions of the Franchise Agreement or any other agreement with MAACO or its affiliates concerning the operation of the Center; and (ii) that if Franchisee defaults in making any such payments or complying with any such provisions, Guarantor shall, upon demand, pay all amounts due and owing MAACO and all damages that may arise as a result of any such noncompliance.

1

DocuSign Envelope ID: D31E14D7-E74B-427C-996A-4C35307D3FFC

3.   In the enforcement of any of its rights against Guarantor, MAACO may proceed as if Guarantor were the primary obligor under the Franchise Agreement.  Guarantor waives any right to require MAACO to first proceed against Franchisee or to proceed against or exhaust any security (if any) held by MAACO or to pursue any other remedy available to it before proceeding against Guarantor.  No dealings between MAACO and Franchisee shall exonerate, release, discharge or in any way reduce the obligations of Guarantor hereunder, in whole or in part and in particular and without limiting the generality of the foregoing, MAACO may modify or amend the Franchise Agreement, grant any indulgence, release, postponement or extension of time, waive any term or condition of the Franchise Agreement, or any obligation of Franchisee, take or release any securities or other guarantees for the performance by Franchisee of any of its obligations, and otherwise deal with Franchisee as MAACO may see fit without affecting, lessening or limiting in any way the liability of Guarantor.  Notwithstanding any assignment for the general benefit of creditors or any bankruptcy or other act of insolvency by Franchisee, and notwithstanding any rejection, disaffirment or disclaimer of this Guaranty or the Franchise Agreement, Guarantor shall continue to be fully liable.

4.   This Guaranty shall be construed and interpreted in accordance with the laws of the State of North Carolina which laws shall control in the event of any conflict of law.

5.   This Guaranty contains the entire integrated agreement by Guarantor regarding the subject matter contained in this Guaranty, and may not be modified, changed or amended without the written consent of Guarantor and MAACO.

6.   This Guaranty shall be binding upon and inure to the benefit of MAACO's and Guarantor's heirs, successors and assigns.

7.   Guarantor agrees that as a shareholder of and an active participant in Franchisee, it will have a substantial relationship with MAACO at its corporate offices where MAACO's decision-making authority is vested and franchise operations are conducted and supervised. Therefore, any action arising out of or relating to this Guaranty shall be commenced, litigated and conducted only in any state or federal court of general jurisdiction in the county or district where MAACO'S corporate offices are located.  Guarantor irrevocably submits to the jurisdiction of such court and irrevocably waives any objection it may have to either the jurisdiction or venue of such court.  Guarantor further irrevocably agrees not to argue that any such court an inconvenient forum or to request transfer of any such action to any other court.

8.   In the event that MAACO retains the services of legal counsel to enforce the terms of this Guaranty, MAACO shall be entitled to recover all costs and expenses, including reasonable attorneys', expert and investigative fees, incurred in enforcing the terms of this Guaranty.

9.   Guarantor declare that the terms of this Guaranty have been completely read and are fully understood and voluntarily accepted by Guarantor, after having a reasonable opportunity to retain and confer with counsel.  This Guaranty is entered into after a full investigation by Guarantor, and Guarantor is not relying upon any statements or representations not contained in this Guaranty.

**I HAVE READ THE ABOVE GUARANTY AND UNDERSTAND ITS TERMS. I WOULD NOT SIGN THIS GUARANTY IF I DID NOT UNDERSTAND AND AGREE TO BE BOUND BY ITS TERMS.**

**JORGE CEREIJO**
an individual

Date: 02/27/2016

**MAACO FRANCHISOR SPV LLC**
a Delaware limited liability company

By:
    Authorized Representative

Date: 2/29/116

Attest:

**ANDRES BURZACO**
an individual

Date: febrero 19, 2016

3