## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CH ARLOTTE DIVISION

| | | |
|---|---|---|
| MAACO FRANCHISOR SPV, LLC AS SUCCESSOR-IN-INTEREST TO MAACO FRANCHISING, LLC, | ) ) ) ) | |
|     Plaintiff, | ) ) | **Civil Case No.** **3:18-cv-00461-MOC-DCK** |
| vs. | ) ) | |
| CIPERCEN, LLC, A TEXAS LIMITED LIABILITY COMPANY, JORGE CEREIJO, INDIVIDUALLY, AND ANDRES BURZACO, INDIVIDUALLY, | ) ) ) ) ) | |
|     Defendants. | ) ) | |

## ANDRES BURZACO'S ANSWER TO COMPLAINT

NOW COMES Defendant Andres Burzaco ("Burzaco" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby answers each of the numbered paragraph of Plaintiff's Complaint as follows:

## ANSWER

1.    The allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

2.    Upon information and belief, the allegations of this Paragraph are admitted.

3.    The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without

sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

4.     It is denied that this answering Defendant is a citizen of Barbados. Upon information and belief, the remaining allegations of this Paragraph are admitted.

5.     Upon information and belief, the allegations of this Paragraph are admitted.

6.     Admitted.

7.     Upon information and belief, the allegations of this Paragraph are admitted.

8.     Upon information and belief, the allegations of this Paragraph are admitted.

9.     Upon information and belief, the allegations of this Paragraph are admitted.

10.     Upon information and belief, the allegations of this Paragraph are admitted.

11.     Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims.  The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph.  Except as expressly admitted, the allegations of this Paragraph are denied.

12.     Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims.  The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information

sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph. Except as expressly admitted, the allegations of this Paragraph are denied.

13. Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims. The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph. Except as expressly admitted, the allegations of this Paragraph are denied.

14. Upon information and belief, is admitted that venue is proper in this action. The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph. Except as expressly admitted, the allegations of this Paragraph are denied.

15. Upon information and belief, is admitted that venue is proper in this action. The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph. Except as expressly admitted, the allegations of this Paragraph are denied.

16. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

17. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

18. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

19. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

20. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

21. This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

*Center 2749*

22. It is admitted that Corporate Defendant entered into an agreement with Maaco for a facility ("2749 Franchise Agreement") generally located at 2235 Michigan Avenue, Arlington, Texas ("Center 2749"), which agreement is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Franchise Agreement is attached to the Complaint as **Exhibit A**. Except as expressly admitted, the allegations of this Paragraph are denied.

23. It is admitted that Corporate Defendant entered into an addendum to the 2749 Franchise Agreement ("2749 Addendum"), which Addendum is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of

4

this 2749 Addendum is attached to the Complaint as **<u>Exhibit B</u>**. Except as expressly admitted, the allegations of this Paragraph are denied.

24.     It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2749 Agreement ("2749 Personal Guaranty"), which 2749 Personal Guaranty is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Personal Guaranty is attached to the Complaint as **<u>Exhibit C</u>**. Except as expressly admitted, the allegations of this Paragraph are denied.

25.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  It is admitted that Center 2749 opened for business on or about November 15, 2016. Except as expressly admitted, the allegations of this Paragraph are denied.

26.     It is admitted that the 2749 Franchise Agreement and 2749 Addendum are in writing, speak for themselves, and are the best evidence of their contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

27.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

28.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

29.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

5

30.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

31.     Denied.

32.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

33.     It is admitted that Macco provided the Defendants a written notice of default dated July 20, 2017 ("2749 Notice of Default").  It is admitted that the 2749 Notice of Default is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Notice of Default is attached to the Complaint as **Exhibit D**.  Except as expressly admitted, the allegations of this Paragraph are denied.

34.     It is admitted that Macco provided the Defendants a written notice of termination dated September 19, 2017 ("2749 Notice of Termination").  It is admitted that the 2749 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Notice of Termination is attached to the Complaint as **Exhibit E**.  Except as expressly admitted, the allegations of this Paragraph are denied.

35.     It is admitted that Macco provided the Defendants a written notice dated June 11, 2018 ("2749 Revocation of License").  It is admitted that the 2749 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Revocation of License is attached to the Complaint as **Exhibit F**.  Except as expressly admitted, the allegations of this Paragraph are denied.

6

36.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied upon information and belief.

37.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

### *Center 2140*

45.     It is admitted that Corporate Defendant entered into an agreement with Maaco for a facility ("2140 Franchise Agreement") generally located at 3308 E. Pioneer Parkway, Arlington, Texas 76010 ("Center 2140"), which agreement is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Franchise Agreement is attached to the Complaint as **Exhibit G**.  Except as expressly admitted, the allegations of this Paragraph are denied.

46.     It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2140 Agreement ("2140 Personal Guaranty"), which 2140 Personal Guaranty is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true

7

and accurate copy of this 2140 Personal Guaranty is attached to the Complaint as **Exhibit H**. Except as expressly admitted, the allegations of this Paragraph are denied.

47. It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2140 Agreement ("2140 Personal Guaranty"), which 2140 Personal Guaranty is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Personal Guaranty is attached to the Complaint as **Exhibit I**. Except as expressly admitted, the allegations of this Paragraph are denied.

48. It is admitted that the 2749 Franchise Agreement and 2749 Addendum are in writing, speak for themselves, and are the best evidence of their contents. Except as expressly admitted, the allegations of this Paragraph are denied.

49. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

50. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

51. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

52. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

53. Denied.

54.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

55.     It is admitted that Macco provided the Defendants a written notice of default dated July 20, 2017 ("2140 Notice of Default").  It is admitted that the 2140 Notice of Default is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Notice of Default is attached to the Complaint as **Exhibit J**.  Except as expressly admitted, the allegations of this Paragraph are denied.

56.     It is admitted that Macco provided the Defendants a written notice of termination dated September 19, 2017 ("2140 Notice of Termination").  It is admitted that the 2140 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Notice of Termination is attached to the Complaint as **Exhibit K**.  Except as expressly admitted, the allegations of this Paragraph are denied.

57.     It is admitted that Macco provided the Defendants a written notice dated June 11, 2018 ("2140 Revocation of License").  It is admitted that the 2140 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Revocation of License is attached to the Complaint as **Exhibit L**.  Except as expressly admitted, the allegations of this Paragraph are denied.

58.     It is admitted that the 2140 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied upon information and belief.

9

59.     It is admitted that the 2140 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     It is admitted that Macco provided the Defendants a written letter dated April 26, 2018 (referred to in the Complaint as the "Final Demand").  It is admitted that the Final Demand is in writing, speaks for itself, and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this Final Demand is attached to the Complaint as **Exhibit M**.  Except as expressly admitted, the allegations of this Paragraph are denied.

69.     Upon information and belief, denied.

### COUNT I
### Breach of the Franchise Agreement Against Corporate Defendant
### 2749 Franchise Agreement

70.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 69 of the Complaint above.

71.     Denied.

72.     Denied.

73.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT II
## Breach of the Franchise Agreement Against Corporate Defendant
## 2140 Franchise Agreement

80.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 79 of the Complaint above.

81.     Denied.

82.     Denied.

83.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## COUNT III
## Breach of Personal Guaranty Against Cereijo

90.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 89 of the Complaint above.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     It is admitted that the 2749 Personal Guaranty is in writing, speaks for itself, and is the best evidence of its contents.  This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted in the remaining allegations and, therefore, denies them.

97.     Denied.

98.     This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

## COUNT IV
## Breach of 2140 Personal Guaranty Against Cereijo

99.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 98 of the Complaint above.

100.    Denied.

12

101.    Denied.

102.    Denied.

103.    Denied.

104.    It is admitted that the 2140 Personal Guaranty is in writing, speaks for itself, and is the best evidence of its contents. This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted in the remaining allegations and, therefore, denies them.

105.    Denied.

106.    Denied.

107.    This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

<u>**COUNT V**</u>
<u>**Breach of 2749 Personal Guaranty Against Burzaco**</u>

108.    This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 107 of the Complaint above.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant denies the allegations of this Paragraph.

114.    Denied.

115. Denied.

116. The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

<u>**COUNT VI**</u>
<u>**Breach of 2140 Personal Guaranty Against Burzaco**</u>

117. This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 116 of the Complaint above.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

<u>**AFFIRMATIVE DEFENSES**</u>
<u>**First Defense**</u>

The Complaint fails to state a claim against the Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring these claims in that they are not the successor in interest to these claims, the agreements that form the basis of these claims were not assignable to the Plaintiff, and/or the Plaintiff is not the real party in interest.

### Third Defense

Plaintiff's claims are barred to the extent that Plaintiff materially breached the agreements forming the basis of their claims prior to or contemporaneously with the alleged breaches by Defendant, thereby excusing certain obligations under such agreement(s) and any subsequent oral and/or written modifications.

### Fourth Defense

Plaintiff's claims are barred to the extent that they caused their own damages and/or forced Defendant to breach one or more of the agreements in question.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of unclean hands. Grounds for this defense include, but may not be limited to, Plaintiff's wrongful actions as complained of in the counterclaim of Defendant Cipercen, LLC, the allegations of which are incorporated by reference and restated as if fully set forth herein.

### Sixth Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or laches. Grounds for this defense include, but may not be limited to, Plaintiff's wrongful actions as complained of

in the counterclaim of Defendant Cipercen, LLC, the allegations of which are incorporated by reference and restated as if fully set forth herein.

### Seventh Defense

Plaintiff's claims are barred to the extent that they were not brought within the applicable statutes of limitations and repose.

### Eight Defense

Plaintiff's claims are barred to the extent Plaintiff failed to meet or comply with condition(s) precedent to bringing suit.

### Ninth Defense

Plaintiff's claims must fail and should be dismissed to the extent they are barred by the doctrine of accord and satisfaction.

### Tenth Defense

Plaintiff's claims are barred to the extent that Plaintiff's actions, including but not limited to those actions complained of in the counterclaim of Defendant Cipercen, LLC (the allegations of which are incorporated by reference and restated as if fully set forth herein), placed the Defendant under duress or in unforeseeable circumstances, thereby excusing any alleged breach of an agreement.

### Eleventh Defense

Plaintiff's claims are barred to the extent that any of the agreements that Plaintiff alleges were breached by the Defendants are unenforceable, for any reason and in whole or in part. By way of example but not limitation, the Plaintiff's claims are barred for lack of consideration, a failure to reach a meeting of the minds on essential and material terms of such agreements, and the

personal guarantees were executed (at least by certain Defendants) prior to the execution of the agreements which they purport to guaranty.

### Twelfth Defense

Defendant reserves the right to assert any additional affirmative defenses that may be warranted based upon discovery in this action and to amend their answer to add such affirmative defenses.

### CROSSCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimant Andres Burzaco ("Burzaco" or "Crossclaimant"), by and through its undersigned counsel of record, complaining of Co-Defendant Jorge Cereijo ("Jorge"), hereby alleges and says as follows:

### PARTIES, JURISDICTION, and VENUE

1. Burzaco hereby incorporates by reference Paragraphs 2 through 13, and Paragraph 15, of the Complaint, and restates them herein upon information and belief.

2. Further, venue of this action in this District and Division is proper in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

### GENERAL ALLEGATIONS

3. As referenced in Paragraphs 24 and 46 of the Complaint, Burzaco and Jorge entered into several agreements whereby they agreed to be jointly and severally liable to Plaintiff (the "Personal Guarantees"). The Personal Guarantees are in writing, speak for themselves, are the best evidence of their contents, and the terms of the Personal Guarantees are incorporated by reference and restated as if fully set forth herein.

4.      Upon information and belief, Burzaco and Jorge agreed, both expressly and impliedly, to share equally in any liability to Plaintiff under the Personal Guarantees (the "Personal Guaranty Indemnification Agreement").

5.      Burzaco and Jorge entered into the Personal Guaranty Indemnification Agreement in exchange for each agreeing to execute the Personal Guarantees.

6.      The Personal Guaranty Indemnification Agreement is an enforceable agreement between Burzaco and Jorge.

7.      Upon information and belief, Burzaco and Jorge also agreed to indemnify each other for any personal liability they incurred that exceeded fifty percent (50%) of the joint liability of Burzaco and Jorge arising out their involvement with Cipercen, LLC (the "Cipercen Indemnification Agreement") (the Cipercen Indemnification Agreement and the Personal Guaranty Indemnification Agreement are collectively referred to herein as the "Indemnification Agreements").

8.      Burzaco and Jorge entered into the Cipercen Indemnification Agreement in exchange for each party agreeing to undertake business opportunities that posed the risk of personal liability to both parties.

9.      The Cipercen Indemnification Agreement is an enforceable agreement between Burzaco and Jorge.

10.     In the event that Plaintiff proves it has suffered damages, which is denied, and in the event that Burzaco is deemed liable for any such damages, which is denied, Burzaco is entitled to be indemnified by Jorge to the extent Burzaco pays over fifty percent (50%) of the joint ans several liability of both Burzaco and Jorge.

11.     In the event that Plaintiff proves it has suffered damages, which is denied, and in the event that Burzaco is deemed liable for any such damages, which is denied, Burzaco is entitled to contribution from Jorge to the extent Burzaco pays over fifty percent (50%) of the joint and several liability of both Burzaco and Jorge.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, having fully responded to the allegations of the Verified Complaint, Defendant hereby prays for the following relief:

a) That all of Plaintiff's claims be dismissed with prejudice;

b) That Judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

c) That Judgement be entered in favor of Defendant and against Co-Defendant Jorge on all causes of action contained in the Crossclaim;

d) That Plaintiff's damages, if any, be reduced by the amount that Plaintiff has failed to mitigate its damages;

e) That Defendant have a trial by jury on all issues so triable;

f) That the costs of this action be taxed against Plaintiff as allowed by law, including, but not limited to, court costs, and attorney's fees as provided for by contract or otherwise at law; and

g) For such other and further relief that this Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGE]

This the 31st day of October 2018.

ROSENWOOD, ROSE & LITWAK, PLLC

/s/ Whitaker B. Rose
Whitaker Rose (NC Bar No. 43472)
Carl J. Burchette (NC Bar No. 47617)
*Attorneys for Defendant Andres Burzaco*
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 228-8578
Fax: (704) 371-6400
wrose@rosenwoodrose.com
cburchette@rosenwoodrose.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER AND COUNTERCLAIM was served upon all parties of record by electronically filing a copy of the same with the Court's ECF filing system which will send electronic notice by e-mail to:

David L. Tkach
David L. Tkach, PLLC
2300 E. 7th Street, Suite 101-A
Charlotte, NC 28204

Dennis D. Leone
Shankman Leone, P.A.
707 N. Franklin Street, 5th Floor
Tampa, FL 33602

This the 31st day of October, 2018.

/s/ Whitaker B. Rose
Whitaker Rose (NC Bar No. 43472)
Carl J. Burchette (NC Bar No. 47617)
*Attorneys for Defendant Andres Burzaco*
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 228-8578
Fax: (704) 371-6400
wrose@rosenwoodrose.com
cburchette@rosenwoodrose.com