**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| MAACO FRANCHISOR SPV, LLC AS SUCCESSOR-IN-INTEREST TO MAACO FRANCHISING, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | **Civil Case No. 3:18-cv-00461-MOC-DCK** |
| vs. | ) ) | |
| CIPERCEN, LLC, A TEXAS LIMITED LIABILITY COMPANY, JORGE CEREIJO, INDIVIDUALLY, AND ANDRES BURZACO, INDIVIDUALLY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CIPERCEN, LLC'S ANSWER TO COMPLAINT

NOW COMES Defendant Cipercen, LLC ("Cipercen" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby answers each of the numbered paragraph of Plaintiff's Complaint as follows:

## ANSWER

1.      The allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

2.      Upon information and belief, the allegations of this Paragraph are admitted.

3.      The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without

sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

4. It is denied that this answering Defendant is a citizen of Barbados. Upon information and belief, the remaining allegations of this Paragraph are admitted.

5. Upon information and belief, the allegations of this Paragraph are admitted.

6. Admitted.

7. Upon information and belief, the allegations of this Paragraph are admitted.

8. Upon information and belief, the allegations of this Paragraph are admitted.

9. Upon information and belief, the allegations of this Paragraph are admitted.

10. Upon information and belief, the allegations of this Paragraph are admitted.

11. Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims. The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph. Except as expressly admitted, the allegations of this Paragraph are denied.

12. Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims. The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant is without information

sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph.  Except as expressly admitted, the allegations of this Paragraph are denied.

13.     Upon information and belief, is admitted that this Court has jurisdiction over the parties and claims in this action, and that the laws of North Carolina control the parties' agreements and claims.  The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph.  Except as expressly admitted, the allegations of this Paragraph are denied.

14.     Upon information and belief, is admitted that venue is proper in this action.  The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph.  Except as expressly admitted, the allegations of this Paragraph are denied.

15.     Upon information and belief, is admitted that venue is proper in this action.  The remaining allegations of this Paragraph do not call for a response from this answering Defendant or otherwise call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the remaining allegations of this Paragraph.  Except as expressly admitted, the allegations of this Paragraph are denied.

16.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

17.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

18.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

19.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

20.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

21.     This answering Defendant is without sufficient information to form a belief as to the truth of the matters alleged in this Paragraph and, therefore, denies the same.

*Center 2749*

22.     It is admitted that Corporate Defendant entered into an agreement with Maaco for a facility ("2749 Franchise Agreement") generally located at 2235 Michigan Avenue, Arlington, Texas ("Center 2749"), which agreement is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Franchise Agreement is attached to the Complaint as **Exhibit A**.  Except as expressly admitted, the allegations of this Paragraph are denied.

23.     It is admitted that Corporate Defendant entered into an addendum to the 2749 Franchise Agreement ("2749 Addendum"), which Addendum is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of

this 2749 Addendum is attached to the Complaint as **<u>Exhibit B</u>**. Except as expressly admitted, the allegations of this Paragraph are denied.

24.　　It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2749 Agreement ("2749 Personal Guaranty"), which 2749 Personal Guaranty is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Personal Guaranty is attached to the Complaint as **<u>Exhibit C</u>**. Except as expressly admitted, the allegations of this Paragraph are denied.

25.　　It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. It is admitted that Center 2749 opened for business on or about November 15, 2016. Except as expressly admitted, the allegations of this Paragraph are denied.

26.　　It is admitted that the 2749 Franchise Agreement and 2749 Addendum are in writing, speak for themselves, and are the best evidence of their contents. Except as expressly admitted, the allegations of this Paragraph are denied.

27.　　It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

28.　　It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

29.　　It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

30. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

31. Denied.

32. It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

33. It is admitted that Macco provided the Defendants a written notice of default dated July 20, 2017 ("2749 Notice of Default"). It is admitted that the 2749 Notice of Default is in writing, speaks for itself, and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Notice of Default is attached to the Complaint as **Exhibit D**. Except as expressly admitted, the allegations of this Paragraph are denied.

34. It is admitted that Macco provided the Defendants a written notice of termination dated September 19, 2017 ("2749 Notice of Termination"). It is admitted that the 2749 Notice of Termination is in writing, speaks for itself, and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Notice of Termination is attached to the Complaint as **Exhibit E**. Except as expressly admitted, the allegations of this Paragraph are denied.

35. It is admitted that Macco provided the Defendants a written notice dated June 11, 2018 ("2749 Revocation of License"). It is admitted that the 2749 Notice of Termination is in writing, speaks for itself, and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2749 Revocation of License is attached to the Complaint as **Exhibit F**. Except as expressly admitted, the allegations of this Paragraph are denied.

6

36.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied upon information and belief.

37.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

*Center 2140*

45.     It is admitted that Corporate Defendant entered into an agreement with Maaco for a facility ("2140 Franchise Agreement") generally located at 3308 E. Pioneer Parkway, Arlington, Texas 76010 ("Center 2140"), which agreement is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Franchise Agreement is attached to the Complaint as **Exhibit G**. Except as expressly admitted, the allegations of this Paragraph are denied.

46.     It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2140 Agreement ("2140 Personal Guaranty"), which 2140 Personal Guaranty is in writing and is the best evidence of its contents. It is further admitted that, upon information and belief, a true

and accurate copy of this 2140 Personal Guaranty is attached to the Complaint as **Exhibit H**. Except as expressly admitted, the allegations of this Paragraph are denied.

47.     It is admitted that defendants Cereijo and Burzaco executed a personal guaranty of the 2140 Agreement ("2140 Personal Guaranty"), which 2140 Personal Guaranty is in writing and is the best evidence of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Personal Guaranty is attached to the Complaint as **Exhibit I**.  Except as expressly admitted, the allegations of this Paragraph are denied.

48.     It is admitted that the 2749 Franchise Agreement and 2749 Addendum are in writing, speak for themselves, and are the best evidence of their contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

49.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

50.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

51.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

52.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

53.     Denied.

54.     It is admitted that the 2749 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

55.     It is admitted that Macco provided the Defendants a written notice of default dated July 20, 2017 ("2140 Notice of Default").  It is admitted that the 2140 Notice of Default is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Notice of Default is attached to the Complaint as **Exhibit J**.  Except as expressly admitted, the allegations of this Paragraph are denied.

56.     It is admitted that Macco provided the Defendants a written notice of termination dated September 19, 2017 ("2140 Notice of Termination").  It is admitted that the 2140 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Notice of Termination is attached to the Complaint as **Exhibit K**.  Except as expressly admitted, the allegations of this Paragraph are denied.

57.     It is admitted that Macco provided the Defendants a written notice dated June 11, 2018 ("2140 Revocation of License").  It is admitted that the 2140 Notice of Termination is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this 2140 Revocation of License is attached to the Complaint as **Exhibit L**.  Except as expressly admitted, the allegations of this Paragraph are denied.

58.     It is admitted that the 2140 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents. Except as expressly admitted, the allegations of this Paragraph are denied upon information and belief.

9

59.     It is admitted that the 2140 Franchise Agreement is in writing, speaks for itself, and is the best evidence of its contents.  Except as expressly admitted, the allegations of this Paragraph are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     It is admitted that Macco provided the Defendants a written letter dated April 26, 2018 (referred to in the Complaint as the "Final Demand").  It is admitted that the Final Demand is in writing, speaks for itself, and is the best of its contents.  It is further admitted that, upon information and belief, a true and accurate copy of this Final Demand is attached to the Complaint as **Exhibit M**.  Except as expressly admitted, the allegations of this Paragraph are denied.

69.     Upon information and belief, denied.

## COUNT I
## Breach of the Franchise Agreement Against Corporate Defendant
## 2749 Franchise Agreement

70.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 69 of the Complaint above.

71.     Denied.

72.     Denied.

10

73.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT II
## Breach of the Franchise Agreement Against Corporate Defendant
## 2140 Franchise Agreement

80.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 79 of the Complaint above.

81.     Denied.

82.     Denied.

83.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

**COUNT III**
**Breach of Personal Guaranty Against Cereijo**

90.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 89 of the Complaint above.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     It is admitted that the 2749 Personal Guaranty is in writing, speaks for itself, and is the best evidence of its contents.  This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted in the remaining allegations and, therefore, denies them.

97.     Denied.

98.     This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

**COUNT IV**
**Breach of 2140 Personal Guaranty Against Cereijo**

99.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 98 of the Complaint above.

100.    Denied.

12

101. Denied.

102. Denied.

103. Denied.

104. It is admitted that the 2140 Personal Guaranty is in writing, speaks for itself, and is the best evidence of its contents. This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted in the remaining allegations and, therefore, denies them.

105. Denied.

106. Denied.

107. This answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

**COUNT V**
**Breach of 2749 Personal Guaranty Against Burzaco**

108. This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 107 of the Complaint above.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, this answering Defendant denies the allegations of this Paragraph.

114. Denied.

115.     Denied.

116.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

## COUNT VI
### Breach of 2140 Personal Guaranty Against Burzaco

117.     This answering Defendant realleges and incorporates by reference its answers to Paragraph 1 through Paragraph 116 of the Complaint above.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     The allegations of this Paragraph call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, this answering Defendant is without information sufficient to form a belief as to the truth of the matter(s) asserted and, therefore, denies the allegations of this Paragraph.

## AFFIRMATIVE DEFENSES
### First Defense

The Complaint fails to state a claim against the Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Second Defense

Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring these claims in that they are not the successor in interest to these claims, the agreements that form the basis of these claims were not assignable to the Plaintiff, and/or the Plaintiff is not the real party in interest.

## Third Defense

Plaintiff's claims are barred to the extent that Plaintiff materially breached the agreements forming the basis of their claims prior to or contemporaneously with the alleged breaches by Defendant, thereby excusing certain obligations under such agreement(s) and any subsequent oral and/or written modifications.

## Fourth Defense

Plaintiff's claims are barred to the extent that they caused their own damages and/or forced Defendant to breach one or more of the agreements in question.

## Fifth Defense

Plaintiff's claims are barred by the doctrine of unclean hands. Grounds for this defense include, but may not be limited to, Plaintiff's wrongful actions as complained of in the counterclaim of Defendant Cipercen, LLC, the allegations of which are incorporated by reference and restated as if fully set forth herein.

## Sixth Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or laches. Grounds for this defense include, but may not be limited to, Plaintiff's wrongful actions as complained of

in the counterclaim of Defendant Cipercen, LLC, the allegations of which are incorporated by reference and restated as if fully set forth herein.

### Seventh Defense

Plaintiff's claims are barred to the extent that they were not brought within the applicable statutes of limitations and repose.

### Eight Defense

Plaintiff's claims are barred to the extent Plaintiff failed to meet or comply with condition(s) precedent to bringing suit.

### Ninth Defense

Plaintiff's claims must fail and should be dismissed to the extent they are barred by the doctrine of accord and satisfaction.

### Tenth Defense

Plaintiff's claims are barred to the extent that Plaintiff's actions, including but not limited to those actions complained of in the counterclaim of Defendant Cipercen, LLC (the allegations of which are incorporated by reference and restated as if fully set forth herein), placed the Defendant under duress or in unforeseeable circumstances, thereby excusing any alleged breach of an agreement.

### Eleventh Defense

Plaintiff's claims are barred to the extent that any of the agreements that Plaintiff alleges were breached by the Defendants are unenforceable, for any reason and in whole or in part. By way of example but not limitation, the Plaintiff's claims are barred for lack of consideration, a failure to reach a meeting of the minds on essential and material terms of such agreements, and the

personal guarantees were executed (at least by certain Defendants) prior to the execution of the agreements which they purport to guaranty.

## Twelfth Defense

Defendant reserves the right to assert any additional affirmative defenses that may be warranted based upon discovery in this action and to amend their answer to add such affirmative defenses.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimant Cipercen, LLC ("Cipercen" or "Counterclaimant"), by and through its undersigned counsel of record, complaining of Counter-Defendant Maaco Franchisor SPV, LLC as successor-in-interest to Maaco Franchising, LLC ("Maaco" or "Counter-Defendant"), hereby alleges and says as follows:

## PARTIES AND JURISDICTION

1.     Maaco is a limited liability company organized and existing under the laws of the State of Delaware, with its offices and principal place of business located at 440 South Church Street, Suite 700, Charlotte, Mecklenburg County, North Carolina.

2.     Upon information and belief, Maaco acquired all rights title and interest to the assets of Maaco Franchising, LLC including, without limitation, any interest in the agreements referenced below.

3.     Upon information and belief, Maaco is a Delaware limited liability company and its sole member is Driven Systems, LLC.  Driven Systems, LLC is a Delaware limited liability company and its sole member is Driven Brands Funding, LLC.  Driven Brands Funding, LLC is a Delaware limited liability company and its sole member is Driven Funding HoldCo, LLC. Driven Funding HoldCo, LLC is a Delaware limited liability company and its sole member is Driven

Brands, Inc. Driven Brands, Inc. is a Delaware corporation with its principal place of business located at 440 S. Church Street, Suite 700, Charlotte, North Carolina 28202-2059. Thus, for jurisdictional purposes, Driven Brands, Inc., and in turn Maaco Franchisor SPV, LLC, is a citizen of both Delaware and North Carolina.

4.      Cipercen is a Texas limited liability company with its address being 3201 W. Pioneer Parkway, Pantego, Texas 76013. Cipercen's members are listed in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Maaco operates and franchises automobiles maintenance and repair centers through the United States.

6.      Maaco's franchise operations are conducted and supervised from its world headquarters located in Charlotte, Mecklenburg County, North Carolina.

7.      Maaco and Cipercen have carried on a continuous course of direct communications by mail and by telephone through Maaco's world headquarters.

8.      The course of dealing between Maaco and its franchisees, including Cipercen, shows that Maaco's decision-making authority is currently vested in its world headquarters.

9.      This Court has in personam jurisdiction over Maaco because Cipercen's claims arise out of promises made in Charlotte, Mecklenburg County, North Carolina by virtue of rule 4(k)(1)(A) of the Federal rules of Civil Procedure and North Carolina's "long arm" statute, N.C. Gen. Stat. § 1-75.4. Furthermore, in the Franchise Agreements, Maaco acknowledges that any disputes relating to the Franchise Agreements shall be governed under the laws of North Carolina.

10.      Maaco has availed itself to the State of North Carolina and its jurisdiction through its systematic and continuous contacts with the State, along with its headquarters and actions

complained of herein. For example, pursuant to the Franchise Agreements, Maaco required that all payments be delivered to Maaco at its corporate headquarters in North Carolina. Further, Maaco required its franchisees, like Cipercen, attend training in North Carolina, submit records to North Carolina, and initiate contact with Maaco in North Carolina.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Maaco is a citizen of Delaware and North Carolina, and the amount in controversy is over $75,000.00, exclusive of interests and costs.

12.     Venue of this action in this District and Division is proper in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including, but not limited to, Maaco's failure to perform obligations required to be performed in this District, namely, providing training and other services under the terms of the Franchise Agreements.

13.     Venue is also appropriate in this District and Division because Maaco contractually consented to this venue in the Franchise Agreements.

## FACTUAL ALLEGATIONS

14.     Maaco is engaged in the business of franchising Maaco Centers to persons and/or entities to establish and operate centers that specialize in automobile maintenance, repair, and other automotive products and services utilizing a standard and uniform system developed by Maaco.

15.     Maaco franchises and licenses these centers using franchise agreements.

16.     On February 29, 2016, Maaco entered into a Franchise Agreement with Cipercen relating to the operation of the franchised Maaco automobile maintenance and repair center, located at 2235 Michigan Avenue, Arlington, Texas 76013 ("Center 2749"). The 2749 Franchise

Agreement, and any subsequent oral or written modifications thereto, is incorporated herein by reference ("2749 Franchise Agreement").

17.    On September 30, 2014, Maaco entered into a Franchise Agreement with Cipercen relating to the operation of the franchised Maaco automobile maintenance and repair center, located at 3308 E. Pioneer Parkway, Arlington, Texas 76010 ("Center 2140"). The 2140 Franchise Agreement, and any subsequent oral or written modifications thereto, is incorporated herein by reference ("2140 Franchise Agreement").

18.    The 2140 Franchise Agreement and 2749 Franchise Agreement are collectively referred to herein as "Franchise Agreements."

19.    Among other requirements and obligations, the Franchise Agreements required Maaco to do the following:

   a.   Provide an initial training program to Cipercen and its majority investor. *See* Franchise Agreements at Paragraph 4A.

   b.   Use Cipercen's initial advertising contribution to provide for opening promotion and initial advertising of the Centers. *See* Franchise Agreements at Paragraph 4B.

   c.   Provide pre-opening and grand opening promotion, promotional materials, initial crew ads, initial advertising of the Centers and related activities. *See* Franchise Agreements at Paragraph 6.1BA.

   d.   Administer the advertising funds paid hereunder in the manner prescribed by Paragraph 6B.

20.    Paragraph 6.1B of the Franchise Agreements provided that Maaco agreed to spend all advertising contributions "for advertising and promotion[,]" as defined in the agreement.

21.     The Franchise Agreements do not authorize Maaco to keep the advertising contributions made by a franchisee as profit.

22.     After entering into the Franchise Agreements, Maaco failed and/or refused to perform its obligations under the Agreements, despite requests by Cipercen to do so.

23.     Maaco breached the Franchise Agreements in the following ways:

    a.   Failing to provide pre-opening or grand opening promotion for either Center;

    b.   Failing to provide either Center with promotional materials;

    c.   Failing to provide for initial crew ads for either Center;

    d.   Failing to provide initial advertising of the Centers and related activities;

    e.   Failing to administer the advertising funds paid under the Franchising Agreements in the manner prescribed in the Agreements;

    f.   Failing to provide initial training as required under the Franchise Agreements.

24.     Maaco treated all advertising funds paid under the Franchising Agreements as part of Maaco's profit, as evident from Maaco's allegations of the Complaint.

25.     As a direct and proximate result of Maaco failing and/or refusing to perform its obligations under the Franchise Agreements, Cipercen was materially harmed and unable to generate sufficient revenue to be operated in a commercially feasible manner.

26.     Maaco's failure and/or refusal to perform its obligations under the Franchise Agreements were material breaches of the Franchise Agreements.

27.     Further, upon information and belief, Maaco, knew or reasonably should have known, that its parent corporation was expanding competing stores within the Protected Area or otherwise in close proximity to Cipercen's Centers, at the time Cipercen was considering, executing, and performing under the Franchise Agreements.  As such, Maaco knew Cipercen was

doomed to fail, or otherwise failed to advise Cipercen prior to opening another Center that the market had materially changed, proximately causing Cipercen damage and materially interfering with Cipercen's ability to perform under the Franchise Agreements.

28.     Upon information and belief, Maaco's material breaches of the Franchise Agreements occurred prior to July 2017.

29.     On July 20, 2017, Maaco sent Cipercen a written notice of default relating to the Franchise Agreements ("Default Notice").

30.     On September 19, 2017, Maaco sent Cipercen a notice of termination of the Franchise Agreements ("Termination Notice").

31.     Maaco sent the Default and Termination Notices to Cipercen despite the fact that Maaco previously failed and/or refused to perform its obligations under the Franchise Agreements.

32.     Cipercen was forced to prematurely terminate the operation of Center 2140 and Center 2749 as a result of the termination of its rights to do so under the Franchise Agreements.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

33.     The allegations of the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

34.     The Franchise Agreements constitute valid, binding, and enforceable agreements between Cipercen and Maaco.

35.     Maaco breached the Franchise Agreements in the following ways:

    a.   Failing to provide pre-opening or grand opening promotion for either Center;

    b.   Failing to provide either Center with promotional materials;

    c.   Failing to provide for initial crew ads for either Center;

d. Failing to provide initial advertising of the Centers and related activities;

e. Failing to administer the advertising funds paid under the Franchising Agreements in the manner prescribed in the Agreements;

f. Failing to provide initial training as required under the Franchise Agreements.

36. Prior to Maaco's breach of the Franchise Agreements, Cipercen had fully, timely, and properly performed its obligations under the Franchise Agreements sufficient for Cipercen to enforce the terms of the Franchise Agreement.

37. As a direct and proximate result of the breaches by Maaco, Cipercen has been damaged in an amount in excess of $75,000, the exact amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Alternatively, Unjust Enrichment)

38. The allegations of the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

39. Cipercen provided a significant benefit to Maaco by, among other things, abiding by and performing under the Franchise Agreements, including, by way of example but not limitation, making payments to Maaco.

40. Cipercen did not make payment to Maaco as a gift or gratuity, but with the understanding that Maaco would perform its obligations under the Franchise Agreements as required.

41. It would be inequitable under the circumstances for Maaco to keep and retain the benefit of Cipercen's payments as Maaco failed and/or refused to perform its obligations under the Franchise Agreements as promised and contemplated by the parties.

42. Maaco has been unjustly enriched by Cipercen's payments.

43.     As a direct and proximate result of the unjust enrichment by Maaco, Cipercen has been damaged in an amount in excess of $75,000.00, the exact amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices)

44.     The allegations of the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

45.     The above-referenced actions of Maaco were in commerce or affected commerce as set forth and defined in N.C.G.S. § 75-1.1 et seq.

46.     By way of example, but not limitation, Maaco required Cipercen to pay fees for advertising purposes, and collected such advertising fees, but actually treated such fees as profits and refused to perform the advertising services required of Maaco under the Franchise Agreements.

47.     By way of further example, but not limitation, Maaco, knew or reasonably should have known, that its parent corporation was expanding competing stores within the Protected Area or otherwise in close proximity to Cipercen's Centers, at the time Cipercen was considering, executing, and performing under the Franchise Agreements.  As such, Maaco knew Cipercen was doomed to fail, or otherwise failed to advise Cipercen prior to opening another Center that the market had materially changed prior to executing the Franchise Agreements.

48.     Upon further information and belief and based on the actions described herein and allegations of the Complaint, Maaco did not intend to abide by the terms of the Franchise Agreements at the time Maaco entered into and executed such Agreements.

49.     The above-referenced actions of Maaco constituted unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes as, among other things,

Maaco acted in a manner that was immoral, unethical, oppressive, had a tendency to deceive, and/or was substantially injurious to Cipercen.

50.     Cipercen has suffered damages in excess of $75,000.00, such amount as will be proven at trial, as a direct and proximate result of Maaco's unfair and deceptive actions.

51.     Pursuant to N.C.G.S. § 75-16, Cipercen is entitled to recover from Maaco trebled compensatory damages.

52.     Pursuant to N.C.G.S. § 75-16.1, Cipercen is entitled to recover from Maaco trebled compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully responded to the allegations of the Verified Complaint, Defendant hereby prays for the following relief:

a)  That Plaintiff's claims be dismissed with prejudice;

b)  That Judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

c)  That Judgement be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Counterclaim in an amount in excess of $75,000.00, plus pre-judgment and post-judgment interest, court costs, and attorney's fees as provided for by contract or otherwise at law;

d)  That Plaintiff's damages, if any, be reduced by the amount that Plaintiff has failed to mitigate its damages;

e)  That, pursuant to N.C.G.S. § 75-16 and 16.1, Cipercen's compensatory damages be trebled and Cipercen be awarded its attorneys' fees, to the fullest extent allowed under the law;

f) That Defendant have a trial by jury on all issues so triable;

g) That the costs of this action be taxed against Plaintiff as allowed by law; and,

h) For such other and further relief that this Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGE]

This the 31st day of October, 2018.

**ROSENWOOD, ROSE & LITWAK, PLLC**

/s/ Whitaker B. Rose
Whitaker Rose (NC Bar No. 43472)
Carl J. Burchette (NC Bar No. 47617)
*Attorneys for Defendant Cipercen, LLC*
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 228-8578
Fax: (704) 371-6400
wrose@rosenwoodrose.com
cburchette@rosenwoodrose.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER AND COUNTERCLAIM was served upon all parties of record by electronically filing a copy of the same with the Court's ECF filing system which will send electronic notice by e-mail to:

David L. Tkach
David L. Tkach, PLLC
2300 E. 7th Street, Suite 101-A
Charlotte, NC 28204

Dennis D. Leone
Shankman Leone, P.A.
707 N. Franklin Street, 5th Floor
Tampa, FL 33602

This the 31st day of October, 2018.

/s/ Whitaker B. Rose
Whitaker Rose (NC Bar No. 43472)
Carl J. Burchette (NC Bar No. 47617)
*Attorneys for Defendant Cipercen, LLC*
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 228-8578
Fax: (704) 371-6400
wrose@rosenwoodrose.com
cburchette@rosenwoodrose.com