# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MAACO FRANCHISOR SPV, LLC, AS SUCCESSOR-IN-INTEREST TO MAACO FRANCHISING, LLC<br><br>          Plaintiff,<br><br>vs.<br><br>CIPERCEN, LLC, A TEXAS LIMITED LIABILITY COMPANY,<br>JORGE CEREIJO, INDIVIDUALLY, AND ANDRES BURZACO, INDIVIDUALLY,<br><br>          Defendants. | CIVIL ACTION NO. 3:18-CV-00461 |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CIPERCEN, LLC'S COUNTERCLAIM

Plaintiff, Maaco Franchisor SPV, LLC, as successor-in-interest to Maaco Franchising, LLC ("Maaco"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses in response to the Counterclaim filed by Defendant, Cipercen, LLC (the "Corporate Defendant"). Maaco responds to the corresponding numbered paragraphs in the Counterclaim as follows:

## Parties and Jurisdiction

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## Jurisdiction and Venue

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Maaco admits this Court has jurisdiction over the matter. All remaining allegations are denied.

10. Admitted.

11. Admitted for jurisdictional purposes only. All remaining allegations are denied.

12. Maaco admits venue is proper in this Court. All remaining allegations are denied.

13. Maaco admits that venue is proper in this Court and that it consented to the jurisdiction of this Court. All remaining allegations are denied.

## Factual Allegations

14. Maaco admits that it is engaged in the business of franchising and licensing automobile and maintenance repair centers under a standard, unique and uniform system developed by Maaco and grants licenses to use Maaco's federally registered trade name, logo and other proprietary marks (the "Maaco System"). All remaining allegations are denied.

15. Admitted.

16. Maaco admits that on February 29, 2016, Maaco entered into a Franchise Agreement with Corporate Defendant relating to the operation of the franchised Maaco automobile maintenance and repair center ("2749 Franchise Agreement") located at 2235 Michigan Avenue, Arlington, Texas 76013 ("Center 2749"). All remaining allegations of this paragraph are denied.

17. Maaco admits that on September 30, 2014, Maaco entered into a Franchise Agreement with Corporate Defendant relating to the operation of the franchised Maaco automobile

maintenance and repair center ("2140 Franchise Agreement") located at 3308 E. Pioneer Parkway, Arlington, Texas 76010 ("Center 2140"). All remaining allegations of this paragraph are denied.

18. Maaco admits that the Corporate Defendant refers to the 2140 Franchise Agreement and 2479 Franchise Agreement together in its counter-claim as the "Franchise Agreements". All remaining allegations of this paragraph are denied.

19. The 2140 Franchise Agreement and 2479 Franchise Agreement (together, the "Franchise Agreements") speak for themselves. All remaining allegations of this paragraph and its subparts are denied.

20. The Franchise Agreements speak for themselves. All remaining allegations of this paragraph are denied.

21. The Franchise Agreements speak for themselves. All remaining allegations of this paragraph are denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted that Maaco sent the Corporate Defendant a Notice of Default dated July 20, 2017. The Notice of Default speaks for itself. All remaining allegations of this paragraph are denied.

30. Admitted that Maaco sent the Corporate Defendant a Notice of Termination dated September 19, 2017. The Notice of Termination speaks for itself. All remaining allegations of this paragraph are denied.

31. Denied.

32. Denied.

**First Claim for Relief**
**Breach of Contract**

33. Maaco hereby incorporates by reference and re-avers and re-alleges its answer to paragraphs 1 through 32 above as if set forth fully herein. All remaining allegations are denied.

34. Admitted.

35. The allegations of this paragraph and all of its subparts are denied.

36. Denied.

37. Denied.

WHEREFORE, Maaco Franchisor SPV, LLC respectfully prays and requests that this Honorable Court deny the Corporate Defendant's counterclaim and prayer for relief in its entirety and, instead, enter judgment in favor of Maaco Franchisor SPV, LLC against the Corporate Defendant for the costs of suit, attorney's fees incurred, as well as any and all such other relief that this Court deems just and appropriate.

## Second Claim for Relief
## Alternatively, Unjust Enrichment

38. Maaco hereby incorporates by reference and re-avers and re-alleges its answer to paragraphs 1 through 37 above as if set forth fully herein. All remaining allegations are denied.

39. Denied.

40. Without sufficient knowledge or information as to the Corporate Defendant's state of mind and/or intent, therefore, those allegations are denied. All remaining allegations are denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE, Maaco Franchisor SPV, LLC respectfully prays and requests that this Honorable Court deny the Corporate Defendant's counterclaim and prayer for relief in its entirety and, instead, enter judgment in favor of Maaco Franchisor SPV, LLC against the Corporate Defendant for the costs of suit, attorney's fees incurred, as well as any and all such other relief that this Court deems just and appropriate.

## Third Claim for Relief
## Unfair and Deceptive Trade Practices

44. Maaco hereby incorporates by reference and re-avers and re-alleges its answer to paragraphs 1 through 43 above as if set forth fully herein. All remaining allegations are denied.

45. Whether the alleged actions of Maaco were in commerce or affected commerce is a legal conclusion to which a response is neither required nor appropriate. Therefore, that conclusion and all allegations of this paragraph are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, Maaco Franchisor SPV, LLC respectfully prays and requests that this Honorable Court deny the Corporate Defendant's counterclaim and prayer for relief in its entirety and, instead, enter judgment in favor of Maaco Franchisor SPV, LLC against the Corporate Defendant for the costs of suit, attorney's fees incurred, as well as any and all such other relief that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Corporate Defendant's claims, as a matter of law, failed to state a cause of action upon which relief may be granted. Specifically, Corporate Defendant incorporated all preceding paragraphs of the Counterclaim, including paragraphs from different causes of action in a "shotgun pleading" format, in violation of Federal Rules of Civil Procedure 8(a) and 12(e). Accordingly, Maaco requests the Corporate Defendant to file a more definite statement or alternatively, that the causes be dismissed with leave to amend the pleading.

## SECOND AFFIRMATIVE DEFENSE

Corporate Defendant's claim for damages are prohibited because Corporate Defendant and/or any of its representatives failed to adequately mitigate its alleged damages, if any, as required under applicable law. Corporate Defendant and/or any of its representatives did not take steps to operate the franchise with due diligence caused the losses complained of. As a result, any

recovery of damages should be proportionately reduced as a result of Corporate Defendant's and/or any of its representatives' failure to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Corporate Defendant's claims are barred, in whole or in part, due to its own and/or any of its representatives' own acts or omissions which are a proximate cause of and/or contributed to the loss and/or damage alleged in its counterclaim. There is no direct link between Maaco's alleged acts and omissions and the damages complained of. Instead, it was the Corporate Defendant's and/or any of its representatives' acts, omissions, poor business decisions, inadequate business acumen, and disputes between its members that caused any alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Corporate Defendant's claims are barred, in whole or in part, due to its own and/or any of its representatives' prior material breaches of the Franchise Agreements. Specifically, Corporate Defendant and/or any of its representatives failed to remit royalties, advertising contributions, and other payments due and owing under the Franchise Agreements.

## FIFTH AFFIRMATIVE DEFENSE

Corporate Defendant's claims are barred by the equitable doctrine of unclean hands. Specifically, Corporate Defendant and/or any of its representatives failed to remit royalties, advertising contributions, and other payments due and owing under the Franchise Agreements.

## SIXTH AFFIRMATIVE DEFENSE

Corporate Defendant's claims are barred, in whole or in part, by the statute of frauds to the extent they are founded upon oral promises not contained in the Franchise Agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Corporate Defendant's claims and damages are barred by the merger doctrine and the

integration clauses contained in the Franchise Agreements. Corporate Defendant's alleged reliance upon any representations, inducements, promises or agreements, oral or otherwise, not embodied in the Franchise Agreement or attachments or addenda thereto is unreasonable as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Corporate Defendant's claims and damages alleged in Count III of the counterclaim are barred because N.C.G.S. §75-1.1 et seq. does not apply.

### NINTH AFFIRMATIVE DEFENSE

Maaco reserves the right to amend its Answer and Affirmative Defenses to add additional or other affirmative or special defenses or to delete or withdraw affirmative or special defenses as may become necessary.

### ATTORNEYS' FEES

Maaco has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the Franchise Agreements. Pursuant to the Franchise Agreements, Maaco is entitled to recover all of its reasonable attorneys' fees and court costs incurred in this matter.

Dated December 11, 2018.
　　　　　　　　　　　　　　　　　　　　*/s/David L. Tkach*
　　　　　　　　　　　　　　　　　　　　David L. Tkach, Esq.
　　　　　　　　　　　　　　　　　　　　N.C. Bar No. 34252
　　　　　　　　　　　　　　　　　　　　dtkach@tkachlaw.com
　　　　　　　　　　　　　　　　　　　　David L. Tkach, PLLC
　　　　　　　　　　　　　　　　　　　　2300 E. 7th Street, Suite 101-A
　　　　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28204

　　　　　　　　　　　　　　　　　　　　*Co-Counsel (Pro Hac Vice)*
　　　　　　　　　　　　　　　　　　　　Dennis D. Leone, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 069401
　　　　　　　　　　　　　　　　　　　　dleone@shankmanleone.com
　　　　　　　　　　　　　　　　　　　　Shankman Leone, P.A.
　　　　　　　　　　　　　　　　　　　　707 N. Franklin Street, 5th Floor
　　　　　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　　　　　*Attorneys for Maaco Franchisor SPV, LLC*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on December 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of filing:

**Whitaker Rose, Esq.** (Fed. ID No. 12240)
Rosenwood, Rose & Litwak, PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 228-8574
Facsimile: (704) 371-6400
Email: wrose@rosenwoodrose.com
*Attorneys for Defendants, Andres Burzaco and Cipercen, LLC*

                  /s/David L. Tkach
                  Attorney